UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON MISSISSIPPI

CHRISTOPHER MCDOWELL                                                              PLAINTIFF

VS.                                                        CIVIL ACTION NO.: 3:08cv574-DPJ-JCS

HINDS COUNTY COURTHOUSE ADMINISTRATION, ET AL.                     DEFENDANTS

**<u>ORDER</u>**

This matter is before the Court on the motion to dismiss [8] filed by Swan Yerger, the only served defendant. Having fully considered the parties' submissions and the applicable law, the Court finds that defendant's motion should be granted and that this case should be dismissed.

I.    Facts/Procedural History

Even in light of a liberal construction, Plaintiff's allegations are difficult to discern. It appears that Plaintiff seeks redress under 42 U.S.C. § 1983 related to a conviction for strong-armed carjacking in the Circuit Court of Hinds County, Mississippi. According to the pro se Complaint, Plaintiff told a driver, "Give me your car," and the victim "turned his car over to me and ran off." Plaintiff seems to contest the "strong armed" portion of the conviction, claiming that the driver turned the keys over willingly. In any event, Yerger sentenced Plaintiff, who now appears to claim that he should have been convicted of a lesser charge that would have changed the conditions of his confinement. He also makes generalized allegations that are again difficult to discern, including the seizure and dissemination of a tracking device that is capable of reading peoples' minds.

Aggrieved, Plaintiff filed the instant action on September 16, 2008, seeking $2 million in damages. Again, this is a pro se complaint which requires a liberal construction, but it appears to name "Judge Yedger [sic]," the "Hinds County Court House Admin [sic]," the District

Attorney, the Assistance [sic] District Attorney, and the City of Jackson Mississippi as defendants. Having been granted *in forma pauperis* status, the Court ordered Plaintiff to provide the Clerk of the Court with the names and addresses of the defendants for service of process. Plaintiff initially failed to do so, and on March 12, 2009, the Magistrate Judge entered a show cause order [5]. Plaintiff responded with a letter [6] stating that he was presenting the "defendant [sic] names in this case." His letter identified Defendant Yerger, Grand Jury Foreman Ida Weadley (who was not named in the Complaint), and Assistant District Attorney Faye Peterson, but provided no addresses. It appears that only Defendant Yerger was served with process. *See* Summons [7]. Defendant Yerger now moves for dismissal.

II.     Analysis

    A.     Defendant Yerger

Plaintiff's Complaint against Defendant Yerger fails for several jurisdictional reasons and, alternatively, on substantive grounds. First, to the extent this is an official capacity claim (which is not entirely clear), Defendant Yerger is entitled to Eleventh Amendment immunity. *Nelson v. Univ. of Tex. at Dallas*, 535 F.3d 318, 320 (5th Cir. 2008)*; see also Davis v. Tarrant County, Tex.*, 565 F.3d 214, 228 (5th Cir. 2009) (holding that state judges in Texas are entitled to Eleventh Amendment immunity). Second, under the *Rooker-Feldman* doctrine, the federal court does not have subject matter jurisdiction to review state-court proceedings. *D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 486 (1983); *see also Exxon Mobil Corp. v. Saudi Basic Indus.*, 544 U.S. 280, 289 (2005). Third, the claim is barred by *Heck v. Humphrey*, because a judgment in Plaintiff's favor would "necessarily imply the invalidity of his conviction or sentence." 512 U.S. 477, 487 (1994). Fourth, if jurisdiction existed, Defendant Yerger would be

2

absolutely immune for actions taken within the scope and course of his judicial duties. *Stump v. Sparkman*, 435 U.S. 349 (1978); *Du Bois v. Warne*, No. 08-20682, 2009 WL 1582548, at *1 (5th Cir. June 8, 2009). Fifth, the § 1983 claim is time-barred. A three year statute of limitations applies to § 1983 claims in Mississippi. *Wilson v. Garcia*, 471 U.S. 261, 280 (1985); Miss. Code Ann. § 15-1-49(1). Defendant was sentenced in August 1999; the statute of limitations expired in August 2002; and therefore suit was untimely when filed in September 2008. Finally, to the extent this suit may raise state law issues, again not apparent, they would fail under the Mississippi Torts Claim Act for lack of notice and because Defendant Yerger is immune under the act. Miss. Code Ann. § 11-46-11(1) (requiring notice ninety days prior to filing suit); Miss. Code Ann. § 11-46-9 (governmental employees acting in course and scope of employment when taking judicial action are immune).

B.     Remaining Defendants

Plaintiff was ordered [3] to provide the names and addresses of the defendants to the Clerk of the Court for service of process. The Magistrate Judge thereafter entered a show cause order [5] for his failure to do so. In response, Plaintiff identified Yerger, the jury foreperson, and the prosecutor without providing addresses. All other potential defendants listed in the Complaint are now dismissed, with prejudice, for Plaintiff's failure to comply with two Court orders and for failure to prosecute. *See* Fed. R. Civ. P. 41(b); *Link v. Wabash RR*, 370 U.S. 626 (1962); *Larson v. Scott*, 157 F.3d 1030 (5th Cir. 1998); *McCullough v. Lynaugh*, 835 F.2d 1126 (5th Cir. 1988).

As for the foreperson and the prosecutor, it is not clear why they were not served, and there is no motion with respect to those defendants. Nevertheless, "United States District Courts

3

. . . have the responsibility to consider the question of subject matter jurisdiction sua sponte . . . and to dismiss any action if such jurisdiction is lacking." *Giannakos v. M/V Bravo Trader*, 762 F.2d 1295, 1297 (5th Cir. 1985). For the reasons stated above, jurisdiction is lacking as to all defendants, and the case is therefore subject to dismissal.[1]

III.     Conclusion

Defendant Yerger's motion to dismiss is granted. All other claims are dismissed for lack of jurisdiction, failure to comply with court orders, and failure to prosecute, as more fully explained above. A separate judgment will be entered pursuant to Rule 58.

**SO ORDERED AND ADJUDGED** this the 14th day of October, 2009.

                                                           s/ *Daniel P. Jordan III*
                                                           UNITED STATES DISTRICT JUDGE

---

[1] If subject matter jurisdiction existed, the claims against these two defendants would also fail due to immunity and applicable statutes of limitations. Moreover, the jury foreman was not named in the Complaint and is not therefore a proper defendant.